UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| TATJANA E.[1], | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-cv-398 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Tatjana E., on October 23, 2018. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Tatjana E., filed an application for Disability Insurance Benefits on June 10, 2015, alleging a disability onset date of December 9, 2014. (Tr. 15). The Disability Determination Bureau denied Tatjana E.'s application initially on August 19, 2015, and again upon reconsideration on January 6, 2016. (Tr. 15). Tatjana E. subsequently filed a timely request for a hearing on January 27, 2016. (Tr. 15). A hearing was held on September 15, 2017, before Administrative Law Judge (ALJ) Robert Long, and the ALJ issued an unfavorable decision on December 28, 2017. (Tr. 15-22). Vocational Expert (VE) Mia Heikkila appeared at the hearing. (Tr. 15). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

Tatjana E. meets the insured status requirement of the Social Security Act through June

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

30, 2020. (Tr. 17). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Tatjana E. had not engaged in substantial gainful activity since December 9, 2014, the alleged onset date. (Tr. 17).

At step two, the ALJ determined that Tatjana E. had the following severe impairments: major depressive disorder with psychotic features, psychosis, and anxiety. (Tr. 17). The ALJ found that the medically determinable impairments significantly limited Tatjana E.'s ability to perform basic work activities. (Tr. 17). Tatjana E. also alleged a disability due to high blood pressure. (Tr. 17). However, the ALJ found that Tatjana E.'s high blood pressure was well-controlled and caused no more than a minimal limitation on her ability to engage in basic work activities. (Tr. 17).

At step three, the ALJ concluded that Tatjana E. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18). The ALJ determined that Tatjana E.'s mental impairments, considered singly and in combination, did not meet or medically equal the criteria in listings 12.03, 12.04, or 12.06. (Tr. 18). In making this finding, the ALJ considered the paragraph B criteria for mental impairments, which required at least one extreme or two marked limitations in a broad area of functioning which include:

> understanding, remembering, or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself.

(Tr. 18). The ALJ indicated that a marked limitation means the ability to function independently, appropriately, effectively, and on a sustained basis is seriously limited and that an extreme limitation is the inability to function independently, appropriately, or effectively, and on a sustained basis. (Tr. 18).

The ALJ concluded that Tatjana E. had mild limitations in understanding, remembering, or applying information; a moderate limitation in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and mild limitations adapting or managing herself. (Tr. 18). Because Tatjana E.'s mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ determined that the paragraph B criteria was not satisfied. (Tr. 18). Additionally, the ALJ determined that Tatjana E. did not satisfy the paragraph C criteria. (Tr. 18).

After consideration of the entire record, the ALJ then assessed Tatjana E.'s residual functional capacity (RFC) as follows:

> [T]he claimant has no physical limitations, but, due to concentration deficits secondary to mental impairments and fatigue, should not perform work that involves an hourly or less quota requirement. Furthermore, she is limited to work with no contact with the public and only occasional interaction with supervisors and coworkers.

(Tr. 19). The ALJ explained that in considering Tatjana E.'s symptoms he followed a two-step process. (Tr. 19). First, he determined whether there was an underlying medically determinable physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Tatjana E.'s pain or other symptoms. (Tr. 19). Then he evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Tatjana E.'s functioning. (Tr. 19).

Tatjana E. alleged that she was disabled, in part, because of her depression and anxiety. (Tr. 19). The ALJ found that after considering the evidence Tatjana E.'s medically determinable impairments reasonably could be expected to produce her alleged symptoms. (Tr. 19). However, her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the

3

record. (Tr. 19). The ALJ considered the opinions of the State agency consultants who found that Tatjana E.'s mental impairments were non-severe. (Tr. 20). However, the ALJ concluded that the opinions were entitled to little weight because the State agency consultants did not have the benefit of reviewing the entire record, personally examining Tatjana E., or hearing her testimony. (Tr. 20).

At step four, the ALJ determined that Tatjana E. was unable to perform any past relevant work. (Tr. 20). Considering Tatjana E.'s age, education, work experience, and RFC, the ALJ concluded that there were jobs in the national economy that she could perform, including industrial cleaner (1,134,700 jobs nationally), mail clerk (74,700 jobs nationally), and laundry folder (397,400 jobs nationally). (Tr. 21). The ALJ found that Tatjana E. had not been under a disability, as defined in the Social Security Act, from December 9, 2014 through the date of his decision, December 28, 2017. (Tr. 22).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." ***Richardson v. Perales***, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting ***Consol. Edison Co. v. NLRB***, 305 U.S. 197, 229, 59 S. Ct. 206,

4

217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and

5

mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see **Biestek v. Berryhill**,* 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Tatjana E. has requested that the court reverse the ALJ's decision and award benefits, or in the alternative, remand this matter for additional proceedings. In her appeal, Tatjana E. has argued that: (1) the ALJ did not assess her subjective allegations pursuant to SSR 16-3p; (2) the ALJ did not properly assess her RFC; and (3) the ALJ did not adequately accommodate her moderate limitations in concentration, persistence, or pace.

First, Tatjana E. has argued that the ALJ did not comply with SSR 16-3p in assessing her subjective complaints. An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. ***Shideler v. Astrue***, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must explain his evaluation with specific reasons that are supported by the record. ***Pepper v. Colvin***, 712 F.3d 351, 367 (7th Cir. 2013). An ALJ must assess the claimant's subjective symptoms rather than assessing her "credibility."

Under SSR 16-3, the ALJ first must determine whether the claimant has a medically determinable impairment that reasonably could be expected to produce her symptoms. SSR 16-

3p, 2016 WL 1119029, at *2. Then, the ALJ must evaluate the "intensity, persistence, and functionally limiting effects of the individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 WL 1119029, at *2. An individual's statements about the intensity and persistence of the pain may not be disregarded because they are not substantiated by objective medical evidence. SSR 16-3p, 2016 WL 1119029 at *5. In determining the ability of the claimant to perform work-related activities, the ALJ must consider the entire case record, and the decision must contain specific reasons for the finding. SSR 16-3p, 2016 WL 1119029, at*4, 9. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

    (i) The individual's daily activities;

    (ii) Location, duration, frequency, and intensity of pain or other symptoms;

    (iii) Precipitating and aggravating factors;

    (iv) Type, dosage, effectiveness, and side effects of any medication;

    (v) Treatment, other than medication, for relief of pain or other symptoms;

    (vi) Other measures taken to relieve pain or other symptoms;

    (vii) Other factors concerning functional limitations due to pain or other symptoms.

*See* **20 C.F.R. § 404.1529(c)(3).**

    The ALJ determined that Tatjana E.'s statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 19). Tatjana E. contends that the ALJ used the wrong legal standard in evaluating her subjective allegations. She asserts that "not entirely consistent" is not the legal standard; rather, the ALJ must base the decision on the preponderance

of the evidence offered at the hearing or otherwise included in the record. (citing **20 C.F.R. § 404.953(a)**; *Minger v. Berryhill*, 307 F. Supp. 3d 865, 871 (N.D. Ill. 2018)). However, under SSR 16-3p, the ALJ must "evaluate whether the statements are *consistent* with objective medical evidence and the other evidence." SSR 16-3p, 2016 WL 1119029, at *8; *see also* **20 C.F.R. §§ 404.1529(a), 416.929(a).** Therefore, the use of the boilerplate phrase "not entirely consistent" does not alone warrant reversal if "the ALJ proceeded to give reasons explaining her ultimate finding." *Dawn P. v. Berryhill*, 2019 WL 339603, at *4 (N.D. Ill. 2019); *see Pierce v. Colvin,* 739 F.3d 1046, 1050 (7th Cir. 2014) (same boilerplate language "not fatal if it is accompanied by 'a detailed explanation of the evidence and [the ALJ's] reasoning about credibility.'").

Tatjana E. contends that the ALJ's decision summarized her testimony and the medical evidence but failed to analyze the consistency of her allegations with the record, as required by SSR 16-3p. The ALJ is not permitted to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." SSR 16-3p, 2017 WL 5180304 at *9. The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. SSR 16-3p, 2017 WL 5180304 at *9.

In the instant case, it is unclear on what basis the ALJ reached his decision. The ALJ's decision consisted of a recitation of Tatjana E.'s subjective allegations, followed by the "not entirely consistent" boilerplate, then concluded with a recitation of the medical evidence. (Tr. 19-20). Subjective statements of pain cannot be rejected "solely because the available objective medical evidence does not substantiate [a claimant's] statements." *Williams v. Colvin***,** 757 F.3d

8

610, 615 (7th Cir. 2014); **20 C.F.R. § 404.1529(c)(2).**

As indicated by the Commissioner, the ALJ noted that with medication management Tatjana E.'s symptoms improved. (Tr. 20). However, the ALJ failed to consider any of the other factors set forth in 20 C.F.R. § 404.1529(c)(3). Specifically, the ALJ failed to "explain the inconsistencies" between Tatjana E.'s activities of daily living, her complaints of pain, and the medical evidence. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (citing *Clifford v. Apfel,* 227 F.3d 863, 870-72 (7th Cir. 2000)). Moreover, the ALJ did not consider Tatjana E.'s side effects from her medication. She testified that she needed to rest during the day for a couple hours several days a week and experienced fatigue due to her medications. (Tr. 42-45). She also told consultative examiner Dr. Miller that she frequently overslept and experienced crying spells. (Tr. 385-86.) The ALJ noted Tatjana E.'s allegations of fatigue, but he never explicitly addressed any medication side effects throughout the decision.

The ALJ used the boilerplate statement that Tatjana E.'s testimony was not entirely consistent with the objective medical evidence without indicating any particular inconsistency. The ALJ did not explain which of Tatjana E.'s symptoms he found consistent or inconsistent with the evidence in the record and how the evaluation of her symptoms led to his conclusions. *See* SSR 16-3p, 2016 WL 1119029, at *8. Accordingly, greater elaboration from the ALJ was required. Because the ALJ did not support his subjective symptom evaluation with substantial evidence or a legally proper analysis, it "must be considered patently wrong," requiring remand. *See Ghiselli v. Colvin*, 837 F.3d 771, 778–79 (7th Cir. 2016).

Next, Tatjana E. has argued that the ALJ did not properly assess the RFC. "The RFC is an assessment of what work-related activities the claimant can perform despite his limitations." *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see* **20 C.F.R. § 404.1545(a)(1)** ("Your

9

residual functional capacity is the most you can still do despite your limitations."); SSR 96-8p, at *2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). The RFC is based upon medical evidence—including statements from medical sources about what the claimant still can do—as well as "other evidence, such as testimony by the claimant or his friends and family." *Craft v. Astrue,* 539 F.3d 668, 676 (7th Cir. 2008); **20 C.F.R. § 404.1545(a)(3).**

SSR 96-8p explains how an ALJ should assess a claimant's RFC at steps four and five of the sequential evaluation. In a section entitled, "Narrative Discussion Requirements," SSR 96-8p specifically spells out what is needed in the ALJ's RFC analysis. This section of the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p (footnote omitted). Thus, as explained in this section of the Ruling, there is a difference between what the ALJ must contemplate and what he must articulate in his written decision. "The ALJ is not required to address every piece of evidence or testimony presented, but he must provide a 'logical bridge' between the evidence and his conclusions." *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir.

2000)); *see* **Moore v. Colvin**, 743 F.3d 1118, 1123 (7th Cir. 2014). Although the ALJ does not need to discuss every piece of evidence, he cannot ignore evidence that undermines his ultimate conclusions. **Moore**, 743 F.3d at 1123 ("The ALJ must confront the evidence that does not support his conclusion and explain why that evidence was rejected.") (citing **Terry v. Astrue**, 580 F.3d 471, 477 (7th Cir. 2009); **Myles v. Astrue**, 582 F.3d 672, 678 (7th Cir. 2009); **Arnett v. Astrue**, 676 F.3d 586, 592 (7th Cir. 2012)). "A decision that lacks adequate discussion of the issues will be remanded." **Moore**, 743 F.3d at 1121.

In assessing the RFC, the ALJ determined that due to concentration deficits secondary to mental impairments and fatigue, Tatjana E. could not perform work involving an hourly or less quota requirement. (Tr. 19). The ALJ additionally limited her to work with no contact with the public and only occasional interaction with supervisors and coworkers. (Tr. 19). The only medical opinions that the ALJ discussed in the decision were the State agency psychological consultants who determined that Tatjana E.'s mental impairments were non-severe. The ALJ assigned little weight to their opinions because they did not have the benefit of reviewing the entire record, examining Tatjana E., or hearing her testimony. (Tr. 20).

Tatjana E. contends that the ALJ did not explain how the limitations found in the RFC accommodated her major depressive disorder with psychotic features, psychosis, and anxiety. She asserts that the ALJ did not identify what evidence he relied on in making the RFC finding. For example, the ALJ did not explain how he determined that Tatjana E. could meet quotas so long as they were not hourly quotas. Furthermore, the ALJ failed to explain how he determined that Tatjana E. could sustain occasional interaction with supervisors and coworkers. The ALJ asked the VE about a limitation to "less than occasional" interaction with coworkers, and the VE testified that such a limitation was work-preclusive. (Tr. 51). The ALJ asked a subsequent

11

hypothetical to the VE that limited Tatjana E. to "occasional contact" with coworkers, and the VE testified that an individual of Tatjana E.'s age, education, and work experience could perform jobs that existed in the national economy. (Tr. 51). The ALJ has failed to offer any explanation or glimpse into his reasoning for why Tatjana E. was capable of occasional, rather than less than occasional, interaction with coworkers, as well as his finding that Tatjana E. could meet greater than hourly quotas.

Case law in the Seventh Circuit holds that "[a]n ALJ may not simply select and discuss only that evidence which favors his ultimate conclusion. Rather, an ALJ's decision must be based upon consideration of all the relevant evidence." *See, e.g.*, ***Smith v. Apfel***, 231 F.3d 433, 438 (7th Cir. 2000) (citations omitted). The ALJ indicated that he had considered Tatjana E.'s severe mental impairments and that the mental limitations delineated in the RFC were warranted based on the record as a whole. (Tr. 20). However, the ALJ did not identify any opinion or other evidence that corresponded to the specific limitations in the RFC or otherwise explain why they were warranted by the evidence. Accordingly, the ALJ has failed to build an accurate and logical bridge from the evidence to his conclusion. *See* ***Moon v. Colvin***, 763 F.3d 718, 721 (7th Cir. 2014) ("[T]he ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination."). The absence of any analysis warrants remand.

Finally, Tatjana E. has argued that the ALJ failed to account for her moderate limitations in concentrating, persisting, or maintaining pace. The ALJ gave little weight to the opinion of the State agency psychological consultants who found her mental impairments were non-severe. (Tr. 20). The Commissioner contends that the ALJ gave Tatjana E. the benefit of the doubt in finding that she had moderate limitations in concentration and credited her subjective complaints. However, the ALJ found that Tatjana's subjective complaints were not entirely

consistent with the evidence. (Tr. 19). As discussed above, it is unclear what subjective allegations the ALJ found consistent or inconsistent with the evidence. The ALJ has not identified the evidentiary basis for the RFC assessment, especially considering that he found that Tatjana E. was more limited than the State agency consultants and that Tatjana E.'s subjective complaints were not entirely consistent with the evidence. An ALJ must support his assessment of a claimant's RFC with evidence, either objective or subjective. **Scott v. Astrue**, 647 F.3d 734, 740 (7th Cir. 2011). Therefore, due to the ALJ's errors in assessing the RFC, remand is required.

Tatjana E. has requested that the court remand for an award of benefits. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." **Allord v. Astrue**, 631 F.3d 411, 415 (7th Cir. 2011). The Seventh Circuit has held that when an ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand for further proceedings unless the evidence before the court compels an award of benefits. **Briscoe v. Barnhart**, 425 F.3d 345, 355 (7th Cir. 2005). The record here does not warrant an award of benefits.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED** for further proceedings consistent with this order.

ENTERED this 15th day of November, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge